UNITED TOWNS BUILDING & LOAN ASSOCIATION, LIQUI-DATING CORPORATION, PLAINTIFF, v. JOSEPH A. SCHMID, JOSEPH R. POWELL AND CHARLES R. YOUNG, SR., TRUSTEES, ETC., DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided November 10, 1952.

*Mr. Walter S. Keown* for plaintiff.

*Mr. Grover C. Richman* for defendants Joseph A. Schmid, Joseph R. Powell and Charles E. Young, Sr.

*Mr. Walter S. Anderson* for defendant Horace J. Norcross.

*Mr. Harold W. Bennett* for defendant Lidie J. K. McCulley, individually and as executrix of estate of John W. McCulley (*Messrs. Bennett & Wingate,* attorneys).

HANEMAN, J. S. C. Plaintiff herein filed its complaint alleging that it was the holder of certain participation certificates issued by the defendant trustees, a part of which certificates read as follows:

"This certificate is issued pursuant to all the terms and conditions of:
1. An agreement entered into by the unsecured depositors and creditors of THE CLEMENTON NATIONAL BANK OF CLEMENTON, N. J. under the terms of Section 207, of the Bank Conservation Act, passed by Congress, March 9, 1933, whereby in order to rehabilitate said bank, and permit it to be returned to its Board of Directors in order that they may negotiate and execute a sale of its assets to the National Bank of Clementon, the unsecured depositors and creditors waived and released unto the Bank a proportion of their respective claims against said bank.

2. An agreement of trust entered into on the fifteenth day of February, 1934 between the Bank and the Trustees whereby the Bank conveyed to the Trustees, in trust for the unsecured depositors and creditors of the Bank, certain assets which were eliminated from the Bank on the occasion of its reorganization, and reopening, on the sixteenth day of February, 1934, to be liquidated by the Trustees, and the proceeds thereof distributed ratably among the unsecured creditors and depositors."

Under the terms of the plan of reorganization, and more particularly on February 15, 1934, after the approval of the requisite number of persons, the Clementon National Bank entered into a certain agreement with the trustees in furtherance and in implementation of the reorganization plan. Under the terms of said agreement the defendants were obliged to liquidate the assets of the said Clementon National Bank and make *pro rata* distribution to its various creditors.

Paragraph 8 of said agreement provided, in part, as follows:

"8.—Upon the completion of any sale of the residue of the Trusteed Assets and the distribution of the proceeds thereof, the TRUSTEES shall render their final account showing all receipts and disbursements and shall file the same at the main office of the BANK for inspection by all parties directly affected by the terms of this instrument."

Plaintiff seeks to set aside a release allegedly signed by its treasurer asserting that said treasurer had no authority to sign the same, and to force defendants to account in this court. Said release provides as follows:

"Receipt is hereby acknowledged of the foregoing dividends paid to me/us and in consideration thereof I/we herewith surrender this certificate and release and discharge Joseph A. Schmid, John H. McCulley and Joseph R. Powell, Horace J. Norcross and Charles E. Young, Sr. or any of them, as trustees under the Trust Agreement dated February 15, 1934 between The Clementon National Bank of Clementon, N. J. and said Trustees from all claims and demands which I/we had or could have against them or any of them as said trustees, or individually, for any act performed by them or any of them in connection with said trust.

Date ————————

(Sign here)    H. Newell Parker, Treas.

Depositor or Payee"

The defendants, by way of answer, set forth that they became trustees on March 9, 1933 by virtue of the plan of reorganization, in accordance with the provisions of section 207 of the Federal Bank Conservation Act, as set forth in the agreement on the participation certificates, hereinbefore recited. They further allege that on July 7, 1942 the liquidation of the assets of said bank had been accomplished and that in accordance with paragraph 8 of the said agreement, above referred to, an audit was completed as of October 31, 1942 which, together with the books and records of the trusteeship, were forthwith deposited with the National Bank of Clementon at Clementon, New Jersey, and there remained open and available for inspection by the plaintiff or any certificate holder. This, they allege, was the only accounting required of them. By way of further separate defense, the defendants set up the above referred to release.

On February 28, 1952 the plaintiff proceeded to take depositions of the defendants by virtue of an order signed February 14, 1952 by Judge C. Thomas Schettino. On March 21, 1952 the defendants, having refused to answer certain questions propounded at the time of taking the depositions aforesaid, the plaintiff moved before this court in accordance with Rule 3:37-1 to compel said defendants to answer the questions as propounded. Upon argument in connection with said motion, counsel for the plaintiff stated that the purpose for which said questions were asked was to aid them to show proof of the fraud of the defendants, both as to the account itself, as filed, and as said account affected the above referred to release. It then appearing that there were no allegations of fraud contained in the pleadings, the plaintiff was granted leave, with the consent of the defendants, to file a reply controverting the allegations of the new matter set forth in the answer, and alleging fraud.

This reply, as filed on May 6, 1952 reads, in part, as follows:

"2. Plaintiffs replying to first separate defense of the answer deny that the defendants were discharged and released by their audit and

account but aver that the account allegedly deposited with the National Bank of Clementon is not in fact a true, proper and complete account but constitutes a ·fraudulent attempt to properly account for the defendants' actions during their trusteeship and constitutes a fraudulent attempt to avoid responsibility to so properly account.

"5. * * * Plaintiff further avers that the release is ineffective for the reason that it was procured through the fraudulent conduct of the defendants in failing to make full and complete disclosure of the facts and circumstances surrounding the request for the execution of the release and the implications connected with the execution of the release as was their duty as fiduciaries."

"7. Defendants are guilty of fraudulent selfdealing in the administration of the trust property."

"10. Defendants extricated large sums of money from the assets of the trust fund for administration expenses, all of which was unauthorized, excessive in amount and to the detriment of and in fraud of the *cestui que trustent*."

Although the complaint denied any knowledge of the agreement or account as filed, the reply admits that since suit has been filed, the plaintiff has examined both instruments.

On May 8, 1952 the defendants served interrogatories upon the plaintiff, the purpose of which, as stated, was to ascertain the specific particulars of the pleaded conclusion of "fraud" set forth in the reply, as a preliminary to a motion to dismiss, if said interrogatories disclosed that the plaintiff had no facts to sustain its pleaded conclusion. Quite patently, the defendants were guided in this respect by the opinion in *Evangelista v. Public Service Coordinated Transp.*, 7 *N. J. Super.* 164 (*App. Div.* 1950), where the court said as follows:

"The main purpose of the requirement of *Rule* 3:9–1, that the particulars of the wrong shall be stated so far as practicable, is to require the pleader to state the facts which are relied on as constituting the wrong with enough particularity to enable the person charged to deny or disprove or explain these facts. It was not intended to encourage motions to strike pleadings or motions for judgment on the pleadings. See comment to *Rule* 3:9–2 (now *Rule* 3:9–1) in tentative draft of the rules."

See also *Lettieri v. Mistretta*, 102 *N. J. Eq.* 1 (*Ch.* 1927).

Motion was thereupon made by defendants to force the plaintiff to answer said interrogatories, in conformance with *Rule* 3:37-1.

Both motions were simultaneously argued and submitted to the court.

The plaintiff, in excuse and justification of its failure to answer the interrogatories, has argued that the facts so sought to be elicited were peculiarly within the knowledge of the defendants and that, therefore, it must first receive answers to its depositions before it could answer said interrogatories.

Originally and primarily the plaintiff sought an accounting in this court, averring that the above referred to agreement and the account filed as provided therein and consistent therewith was insufficient to deny it the relief so sought. By way of avoidance of the effect of what purported to be a release of the defendants, signed by the treasurer of the plaintiff, plaintiff alleges that (1) the treasurer was without authority to sign such a release, and (2) the conduct of the defendants as trustees was such as to make said release void.

Defendants argue that the plaintiff is not entitled to succeed on its motion for the following reasons: (1) in the guise of seeking to take depositions it will obtain the relief to which it would be entitled only after final hearing upon the merits, and (2) the provisions of *Rule* 3:9-1 would be circumvented by the filing of a skeletal complaint alleging, without particularization of the facts, that a fraud had been committed, thus permitting an exploratory fishing expedition with the hope that its vague suspicions may find foundation in facts to be elicited upon the taking of such depositions.

The original reaction of the court upon oral argument that fraud must have been alleged, to entitle the plaintiff to take the depositions now sought, was erroneous. The reply filed at the implied suggestion of the court, alleging fraud in the language which it did, may, for the purpose of this opinion, be ignored. Insofar as the plaintiff's motion is concerned, we must consider whether it would, in any event, be entitled

to take the depositions before the filing of the answer and the reply.

Every trustee is under a duty to keep accurate and clear accounts and to give to the beneficiary, at reasonable times, complete and accurate information as to the nature and amount of the trust property, and to permit him or a duly authorized person to inspect the subject matter of the trust and the accounts and vouchers. *Restatement of the Law of Trusts, sections* 172, 173; *In re Rothenberg's Trust,* 129 *N. J. Eq.* 377 (*E. & A.* 1941).

A trustee under an *inter vivos* trust could file an account in this court and secure such relief as was necessary for the safe management of the estate. He is entitled to receive repose by such accounting. The jurisdiction is not only inherent in this court (*In re Rothenberg's Trust, supra*) but is statutory as well. *N. J. S.* 3*A*:9–10.

There exists a reciprocal right of a beneficiary to oblige a trustee of an *inter vivos* trust to account in this court. This follows not only from the inherent jurisdiction of this court but as well by provision of *Rules* 3:94–1 to 3:94–4.

Taking, as we must for the purposes of this motion, the allegations of the complaint as true, the plaintiff has alleged not only that the release purported to be executed by it was signed by an unauthorized agent, but as well that the defendants were derelict in their duty to give that information to it which their duty as trustees imposed upon them. These circumstances, standing alone, would entitle the plaintiff to the relief which it here demands.

In avoidance, however, the defendants point to the language of the trust agreement and the release obtained thereunder.

I cannot find that the language of the agreement was such as to bar the plaintiff from obtaining an accounting in this court. The provision for the filing of a statement of account with the named bank does not preclude the beneficiaries from a timely examination thereof under the supervision of this court. The defendants could have received their repose by filing such an account in this court. This

they have failed to do. The provision of the agreement is not such as to constitute a waiver of plaintiff's right to an accounting here.

■■ The complaint alleges, in effect, not only the ineffectual nature of the release because of the manner in which it was executed, but also because the defendants did not conduct themselves in a fair and open manner, and that the transaction was not well understood by plaintiff.

Where a trustee deals with his beneficiary, the burden is cast upon the former, due to the fiduciary relationship, to prove that the transaction was fair, open, voluntary and well understood. See *Liberty Title & Trust Co. v. Plews*, 6 *N. J.* 28 (1950).

Plaintiff is therefore entitled to an answer to the questions which it has propounded in advance of giving its answers to defendants' interrogatories. This is not obtaining the ultimate relief to which plaintiff is entitled, but amounts to a preliminary examination in aid of proof of its right to its demanded relief and the facts alleged in its complaint.

Under *Rule* 3:30–1 *et seq.*, this court has authority to direct "that certain matters shall not be inquired into, or that the examination shall be limited to certain matters" and "may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

If plaintiff conducts its examination in such a manner as to require the interposition of this court under *Rule* 3:30–1, defendants have their right to apply here for protection.

In view of the foregoing, I do not find it necessary to pass on the second objection as posed by the defendants.

An order will be signed consistent with the foregoing.